```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                          LEXINGTON DIVISION


IN RE:

JOSEPH CURTIS FUNK and
RONDA MICHELE FUNK                              CASE NO. 08-51386

DEBTORS

ANNA C. JOHNSON, TRUSTEE                        PLAINTIFF

v.                                              ADV. NO. 09-5017

PEOPLES BANK & TRUST COMPANY OF MADISON COUNTY  DEFENDANT
```

**MEMORANDUM OPINION**

This matter having come before the Court upon Defendant's Motion for Summary Judgment(DOC 10), and upon Plaintiff's Motion for Summary Judgment (DOC 13),and the matter having been heard by the Court on May 12, 2009, and an Agreed Order of Submission (DOC 20) having placed the adversary proceeding under submission, the Court hereby issues this Memorandum Opinion.

This matter is submitted to the Court on the issue of whether the Trustee can avoid a mortgage when instead of stating a maturity date the mortgage recites that "the debt secured hereby shall be fully payable and matured 9 months after this date."

This is an adversary proceeding brought pursuant to Federal Rules of Bankruptcy Procedure Rule 7001. Jurisdiction is based upon 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. § 1409.

Facts

The facts are not in dispute. On January 23, 2006, Debtors granted a mortgage to Defendant on real estate. The mortgage failed to

state a specific maturity date, but did state that "the debt secured hereby shall be fully payable and matured 9 months after this date."

Conclusions of Law

Under 11 U.S.C. § 544, the Trustee has the status of a bona fide purchaser of real property. If a hypothetical bona fide purchaser can avoid a lien, then the Trustee can avoid it as well pursuant to 11 U.S.C. § 544.

KRS § 382.330 states that no county clerk shall record a mortgage unless the mortgage states the date and the maturity of the obligations. In the case of obligations due on demand, the requirement shall be satisfied by stating that such obligations are "due on demand." However, a mortgage is sufficiently perfected if a person can make the necessary mathematical computations to derive the payout date. In re Taylor, 18 B.R. 128 (Bankr. W.D.Ky. 1982).

Here the phrase "the debt secured hereby shall be fully payable and matured 9 months after this date" clearly refers to the date of January 23, 2006, as that date appears on the first page of the mortgage and on the fourth page of the mortgage while no other dates appear on the mortgage. Thus the mortgage is sufficiently perfected and cannot be avoided by the Trustee.

The Trustee also complains that the mortgage does not state the date of the note secured by the mortgage, but she provides no statutory requirement for the date of the promissory note. Moreover, the date of the promissory note is also easily determined to be January 23, 2006.

This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law. A separate order SUSTAINING Defendant's Motion for Summary Judgment, OVERRULING Plaintiff's Motion for Summary

```
Judgment, and DISMISSING the adversary proceeding shall be issued in

conformity with this Memorandum Opinion.


COPIES TO:

J.D. Kermode, Esq.
Mark A. Shepherd, Esq.
```

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document
has been signed by the Judge and electronically entered by the Clerk in the
official record of this case.***



**Signed By:**
***Joseph M. Scott***
**Bankruptcy Judge**
**Dated: Thursday, May 21, 2009**
**(jms)**